IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VERONICA J. CRENWELGE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:20-cv-00941 |
| FIRST STEPS NURSING AND | § | |
| THERAPY SERVICES and CELESTE | § | Non-Jury |
| M. BOYD | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Veronica J. Crenwelge ("Plaintiff" herein) brings this lawsuit asserting a claim under the Fair Labor Standards Act ("FLSA") against Defendants First Steps Nursing and Therapy Services and its owner/president Celeste M. Boyd and in support thereof shows as follows:

**I.     NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and  one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay Plaintiff for all hours and overtime hours worked. Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when she worked over 40 hours per week, as required by law.

## II.   PARTIES

3. Plaintiff Veronica J. Crenwelge is an individual who was formerly employed by Defendant First Steps within the meaning of the FLSA. She hereby consents to be a party in this action.

4. Defendant First Steps Nursing and Therapy Services PLLC is a Texas limited liability corporation doing business in San Antonio, Bexar County, Texas and can be served with process through its registered agent: Celeste M. Boyd, 105 S. Seguin Rd., Suite 104, Converse, Texas 78109. A waiver of service will be sent to Defendant prior to requesting service.

5. Defendant Celeste M. Boyd is the president/owner of Defendant First Steps Nursing and Therapy Services PLLC, who was responsible for implementing and/or enforcing any and all policies, procedures, guidelines, instructions, or directives Defendant maintained, implemented, or applied during the relevant time period with regard to employee compensation and application of pay determinations and is thus also liable under the FLSA. She can be served with process at her regular place of business as follows: Celeste M. Boyd, c/o First Steps Nursing and Therapy Services PLLC, 105 S. Seguin Rd., Suite 104, Converse, Texas 78109. A waiver of service will be sent to Defendant prior to requesting service.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

8. At all material times, Defendants have acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff.

9. At all times hereinafter mentioned, Defendant First Steps has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant First Steps has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant First Steps has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Defendant First Steps provides home health and medical supplies and services and operates in Bexar County, Texas, where Plaintiff was employed.

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendant provides rehabilitative therapy goods and services and treatment and operates a facility in Bexar County, Texas. It is asserted Defendant does more than $500,000.00 per year in gross revenues.

14. Plaintiff was employed by Defendant First Steps and was regularly scheduled to work 40 or more hours in a work week for Defendant.

15. Plaintiff Crenwelge worked for First Steps from March 2019 through September 2019 as a private duty nurse, earning $23.00 hourly.  She again worked with First Steps from November 2019 through April 2020.  She worked approximately 65 hours weekly, including time spent before and after her shifts to prepare paperwork regarding her shift work.  She was required to report one half hour before her shift and stay a half hour after her shift to prepare related paperwork.

16. First Steps would pay straight time for Ms. Crenwelge for the first 40 hours of work at $23.00 hourly and then pay overtime for hours 40 to 48.  However, for hours 49 to 60, First Steps would only pay her straight time rate.  Plaintiff asserts this is a violation of the FLSA.

17. Plaintiff Crenwelge is owed the overtime rate for each week in which she worked in excess of 40 hours for assumed hours of hour 49 to 65.  Moreover, it is asserted she was not paid for the extra time she was required to come in before her shift and stay after her shift, resulting in no pay for the extra 5 hours per week that she worked completing paper work before and after her shift.

18. As a result, Plaintiff is owed at least $11.50 hourly for every hour she worked in excess of 48 hours and $34.50 hourly for the estimated 5 hours of work for which she was not paid.

19. It is asserted Plaintiff is owed $189.00 weekly in unpaid overtime and pay.  Assuming she worked 65 hours on average weekly, she is owed the overtime pay of $1.50 hourly for hours 49 to 60 and full pay and overtime for hours 61 to 65 at $34.50 hourly.  She worked a total of at least 26 weeks from March 2019 to September 2019 and worked at least 22 weeks from November 2019 thru April 2020.

20. Therefore, it is estimated Plaintiff is owed at least $9,072.00 in unpaid wages or overtime for the 48 weeks that she worked for the company.  Moreover, she would be owed a like amount of $9,072.00 for liquidated damages.

21. Plaintiff Crenwelge is further entitled to reasonable and necessary attorneys' fees and costs of court.

22. It is contended Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. During the relevant period, Defendants have violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

24. Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA. *See Hilton v. Executive Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, *27 (W.D. Tex. June 18, 2009) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases.") (29 U.S.C. section 216 (b)).

## VII. RELIEF SOUGHT

25. WHEREFORE, cause having been shown, Plaintiff prays for a trial by jury and judgment against Defendants as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

c. For an Order awarding Plaintiff attorneys' fees as provided under 29 U.S.C. section 216 (b); and

d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.444444

                                              **Respectfully Submitted,**

                                              <u>/s/ Adam Poncio</u>
**ADAM PONCIO**
**State Bar No. 16109800**
**salaw@msn.com**
**ALAN BRAUN**
**State Bar No. 2405488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

                                          **ATTORNEYS FOR PLAINTIFF**